**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, individually and on behalf of those similarly situated, | Civil Action No. 1:25-cv-10620 (PAE) |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| INSPIRE MEDICAL SYSTEMS, INC.; TIMOTHY P. HERBERT; RICHARD J. BUCHHOLZ; and CARLTON W. WEATHERBY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO**
**TRANSFER VENUE TO THE DISTRICT OF MINNESOTA**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ..................................................................................................... 2

    I.      The Parties to This Action............................................................. 2

    II.     Procedural History........................................................................ 3

           A.       The Minnesota Federal Action......................................... 3

           B.       This Action....................................................................... 3

ARGUMENT............................................................................................................ 4

    I.      This Action Could Have Been Brought in the District of Minnesota. ......... 5

    II.     Transfer Would Be an Appropriate Exercise of Discretion. ........................ 6

           A.       Because the complaint challenges conduct emanating from Minnesota, where the Defendants and key witnesses reside, the convenience and efficiency factors strongly favor transfer. ....... 7

           B.       The other factors also favor transfer or, at most, are neutral. ......... 10

           C.       Plaintiff's choice of forum is entitled to little weight. .................... 12

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*Ahrens v. CTI Biopharma Corp.*,
2016 WL 2932170 (S.D.N.Y. May 19, 2016) ...................................................*passim*

*In re ChannelAdvisor Corp. Sec. Litig.*,
2015 WL 4064625 (S.D.N.Y. July 2, 2015) ...................................................... 6, 8, 9, 12

*City of Birmingham Firemen's & Policemen's Supp. Pension Sys. v. Pluralsight, Inc.*,
2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) ......................................................... 5, 8

*City of Hollywood Firefighters' Pension Fund v. Inspire Med. Sys., Inc.*,
2025 WL 1158653 (D. Minn. Mar. 24, 2025) ......................................................... 3, 13

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)...................................................*passim*

*City of Warren Police & Fire Ret. Sys. v. Zebra Tech. Corp.*,
2019 WL 3997354 (E.D.N.Y. Aug. 23, 2019)......................................................... 7, 12

*City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*,
2010 WL 2035130 (S.D.N.Y. May 21, 2010) ......................................................... 10

*Craig v. Am. Tuna, Inc.*,
2022 WL 989763 (S.D.N.Y. Apr. 1, 2022)............................................................ 12

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006)...................................................................................... 6

*Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*,
260 F. Supp. 3d 401 (S.D.N.Y. 2017)............................................................ 5, 6, 10, 11

*Erickson v. Corinthian Colls., Inc.*,
2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013)...................................................... 7, 8, 11, 13

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
928 F. Supp. 2d 735 (S.D.N.Y. 2013).................................................................. 5, 6

*Garity v. Tetraphase Pharms., Inc.*,
2019 WL 2314691 (S.D.N.Y. May 30, 2019) ....................................................... 9, 12

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006) ................................................................. 9, 12

*Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*,
   45 F.4th 1236 (10th Cir. 2022) ............................................................................... 2, 11

*In re Sarepta Therapeutics Sec. Litig.*,
   2025 WL 3110435 (S.D.N.Y. Nov. 6, 2025) ........................................................... 9, 10

*SBAV LP v. Porter Bancorp, Inc.*,
   2013 WL 3467030 (S.D.N.Y. July 10, 2013) ......................................................... 7, 8, 9

*Scherillo v. Dun & Bradstreet, Inc.*,
   684 F. Supp. 2d 313 (E.D.N.Y. 2010) ......................................................................... 11

*Steck v. Santander Consumer USA Holdings Inc.*,
   2015 WL 3767445 (S.D.N.Y. June 17, 2015) .............................................................. 8, 9

*In re Vivint Solar, Inc. Sec. Litig.*,
   2020 WL 7770992 (E.D.N.Y. Dec. 30, 2020) ............................................................... 10

*Woldanski v. TuSimple Holdings, Inc.*,
   2023 WL 1795191 (S.D.N.Y. Feb. 7, 2023) ....................................................... 6, 10, 12

## Statutes, Rules & Regulations

15 U.S.C. § 78aa(a) ........................................................................................................ 6

28 U.S.C. § 1404 .................................................................................................... 1, 4, 13

Fed. R. Civ. P. 45(c)(1)(A) ............................................................................................ 11

Defendants Inspire Medical Systems, Inc. ("Inspire"), Timothy P. Herbert, Richard J. Buchholz, and Carlton W. Weatherby (the "Individual Defendants," and together with Inspire, "Defendants") hereby move to transfer this action, pursuant to 28 U.S.C. § 1404, to the United States District Court for the District of Minnesota.

## INTRODUCTION

This is a putative securities fraud class action. Plaintiff is a large state pension fund domiciled in Indiana. It has no connection to New York and it filed this lawsuit only after another, essentially identical, complaint was filed in Minnesota. Defendants have no material connection to New York either. Inspire is a publicly traded medical technology company headquartered near Minneapolis, Minnesota. The three Individual Defendants are all current or former Inspire executives who work and reside in the Minneapolis-St. Paul metropolitan area. And the allegedly misleading statements at issue were made by those Minneapolis-based executives, almost entirely from Inspire's Minnesota headquarters.

When confronted with "garden-variety federal securities fraud class action[s] involving a named Plaintiff that has no particular connection to this District and . . . [a] corporate Defendant . . . headquartered" in another district, like this one, courts "*regularly* exercise their discretion . . . to transfer" the action to the Defendants' home district. *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at *7 (S.D.N.Y. Apr. 30, 2015) (emphasis added); *see, e.g., Ahrens v. CTI Biopharma Corp.*, 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (Engelmayer, J.) (granting such a motion, noting that "transfers to the issuer's home district are routine as a practical matter"). Following these authorities, the Court should transfer this action to the District of Minnesota.

1

**BACKGROUND**

**I.      The Parties to This Action**

Plaintiff Indiana Public Retirement System is a pension fund "organized for the benefit of public employees throughout the state of Indiana." (Dkt. 1 ("Compl.") ¶ 10.) Plaintiff is a frequent securities litigant and "highly sophisticated institutional investor that manages approximately $55 billion in assets." (Dkt. 12 (Mot. to Appoint Lead Pl.) at 2–3.) Plaintiff has no apparent connection to New York generally or the Southern District of New York particularly. *Cf., e.g.*, *Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236 (10th Cir. 2022) (litigating securities action in Utah).

Defendant Inspire is a public medical technology company incorporated in Delaware and headquartered in Golden Valley, Minnesota, a suburb of Minneapolis. (Compl. ¶ 11; Declaration of Bryan Phillips ("Phillips Decl.") ¶ 3.)[1] Inspire's Golden Valley headquarters is its only substantial business office. (Phillips Decl. ¶ 3.) Thus, *all* of Inspire's executive officers—including the three Individual Defendants (CEO Timothy Herbert, CFO Richard Buchholz, and Chief Strategy and Growth Officer Carlton Weatherby)—work and reside in the Minneapolis-St. Paul metropolitan area.[2] (*Id*. ¶¶ 3–6.) Inspire has no offices in New York and none of the employees germane to this securities litigation work or reside there either. (*Id*. ¶¶ 3, 11.)

---

[1] The Court may consider employee declarations on a motion to transfer. *See Ahrens*, 2016 WL 2932170, at *2.

[2] Defendants use the phrase "Minneapolis-St. Paul metropolitan area," instead of "Minnesota," because the Minneapolis-St. Paul metropolitan area includes parts of western Wisconsin.

## II.     Procedural History

### A.     The Minnesota Federal Action

On November 6, 2025, a different investor-plaintiff filed a complaint against Defendants in the District of Minnesota. *See City of Pontiac Reestablished Gen. Emp. Ret. Sys. v. Inspire Med. Sys., Inc., et al.*, No. 25-cv-4247 (D. Minn. 2025) (the "Minnesota Action"). The Minnesota Action made materially identical allegations to this action. In short, plaintiffs alleged that Defendants made misleadingly optimistic statements about Inspire's new sleep apnea product—"Inspire V"—which purportedly injured investors when Inspire later announced that Inspire V's launch was proceeding slower than anticipated and Inspire's stock price fell upon the announcement. (*See generally id.*, Dkt. 1; Declaration of Sandra D. Grannum ("Grannum Decl.") Ex. A.)

A few months before the action was filed, a District of Minnesota court granted a motion to dismiss a different securities class action brought against Inspire, Herbert, and Buchholz, arising out of allegedly overoptimistic statements Herbert and Buchholz made about an Inspire pilot program. *See City of Hollywood Firefighters' Pension Fund v. Inspire Med. Sys., Inc.*, 2025 WL 1158653 (D. Minn. Mar. 24, 2025).

On December 23, 2025—one day after this action was filed—the plaintiff voluntarily dismissed the Minnesota Action. (Minnesota Action, Dkt. 10; Grannum Decl. Ex. B.)

### B.     This Action

On December 22, 2025, Plaintiff filed this action. As noted, the Complaint is materially identical to the complaint in the Minnesota Action. The complaints asserted the

3

same theory of fraud, over the same class period, against the same defendants. The only material addition was that the Complaint alleged that Herbert made a "false or misleading" statement about Inspire V—"we will be doing our soft launch yet here in 2024"; "everything looks good"—at a conference "held in New York City." (Compl. ¶¶ 9, 21. *But see id.* ¶¶ 18–27 (identifying other allegedly misleading statements without identifying a connection to New York).) The Complaint also observed that Inspire's stock "trades on the New York Stock Exchange." (*Id.* ¶ 9.) The Complaint alleged no other facts connecting this action to New York.

## ARGUMENT

The federal transfer statute, 28 U.S.C. § 1404(a), provides that:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of Section 1404 is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Dell*, 2015 WL 12659925, at *2.

Courts may address a motion to transfer venue "at the threshold, when there is a sound prudential justification for doing so[.]" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (Engelmayer, J.). In the securities context, courts often grant motions to transfer venue even before appointing a lead plaintiff—and before that plaintiff has filed the operative amended complaint—so that "the court that will be presiding over th[e] matter" can "reach its own conclusion[s]

4

regarding" such case-management matters. *City of Birmingham Firemen's & Policemen's Supp. Pension Sys. v. Pluralsight, Inc.*, 2019 WL 12496341, at \*2 (S.D.N.Y. Oct. 24, 2019) (transferring action and denying pending motions to appoint lead plaintiff as moot; collecting cases ruling likewise); *Ahrens*, 2016 WL 2932170, at \*4 (same).[3]

With respect to the merits of a transfer motion, courts "undertake a two-step inquiry[.]" *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017) (Engelmayer, J.). First, the court must determine "whether the action could have been brought in the transferee district." *Id.* If so, then the Court must determine "whether transfer would be an appropriate exercise of the Court's discretion" when considering a number of factors. *Id.* As set forth below, both steps are easily satisfied.

## I.    This Action Could Have Been Brought in the District of Minnesota.

The Complaint claims that Defendants committed securities fraud under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. (Compl. ¶ 1.) The Exchange Act provides that securities fraud actions may be brought where "the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). Inspire is headquartered in Minnesota and the Individual Defendants work and reside in the Minneapolis-St. Paul metropolitan area. (Compl. ¶ 11; Phillips Decl. ¶¶ 3–6.) Therefore, this action could have been brought in the District of Minnesota. *See Ahrens*, 2016 WL

---

[3] Thus, to the extent Plaintiff argues that this motion is "premature," as was suggested in correspondence between the parties' counsel when Defendants' counsel asked Plaintiff's counsel to consent to transfer before this motion was filed, Plaintiff is mistaken.

2932170, at *3. Indeed, the identical predecessor securities action *was* brought in the District of Minnesota.

## II.    Transfer Would Be an Appropriate Exercise of Discretion.

Courts next consider whether transfer is a valid exercise of judicial discretion. *See Enigma*, 260 F. Supp. 3d at 407. To do so, they balance nine factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Everlast*, 928 F. Supp. 2d at 743; *accord D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006). Not all of the factors are weighted equally. For instance, the locus of operative facts, convenience of the parties and witnesses, and judicial efficiency factors are generally viewed as the most important factors. *See Enigma*, 260 F. Supp. 3d at 409–10; *Woldanski v. TuSimple Holdings, Inc*., 2023 WL 1795191, at *3 (S.D.N.Y. Feb. 7, 2023). By contrast, where, as here, the plaintiff resides out of state and purports to represent a nationwide class, the "plaintiff's choice of forum" factor is "greatly diminished." *In re ChannelAdvisor Corp. Sec. Litig*., 2015 WL 4064625, at *2 (S.D.N.Y. July 2, 2015). While there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered—here, the U.S. District Court for the District of Minnesota—such transfers "are routine as a practical matter." *Ahrens*, 2016 WL 2932170, at *4.

**A.** **Because the complaint challenges conduct emanating from Minnesota, where the Defendants and key witnesses reside, the convenience and efficiency factors strongly favor transfer.**

The most important factors—(i) the locus of operative facts, (ii) the convenience of the parties and witnesses, and (iii) the interests of justice and trial efficiency—weigh heavily in favor of transfer.

***Locus of Operative Facts***. The "locus of operative events in a securities action is where the alleged misrepresentations were made . . . *not* where the statements at issue [were] received." *Erickson v. Corinthian Colls., Inc.*, 2013 WL 5493162, at *6 (S.D.N.Y. Oct. 1, 2013) (emphasis added); *SBAV LP v. Porter Bancorp, Inc.*, 2013 WL 3467030, at *4 (S.D.N.Y. July 10, 2013) (Engelmayer, J.) (similar). And here, the allegedly misleading statements were made by Minneapolis-based executives almost entirely from Inspire's Minnesota headquarters. (*See* Phillips Decl. ¶¶ 7–9; *but cf. id*. ¶ 9 (noting three statements made by the Individual Defendants at investor conferences in Boston, San Francisco, and New York).) The drafting and approving of the at-issue statements largely occurred at Inspire's Minnesota headquarters, too. (*Id*. ¶¶ 7–9, 11.) Courts "routinely transfer cases when the principal events occurred . . . in another district." *Erickson*, 2013 WL 5493162, at *6; *see also City of Warren Police & Fire Ret. Sys. v. Zebra Tech. Corp.*, 2019 WL 3997354, at *6 (E.D.N.Y. Aug. 23, 2019) (similar); *SBAV*, 2013 WL 3467030, at *4 (similar).

That Plaintiff identifies a "single statement [Herbert] made at a conference in New York City" is not enough to favor maintaining this action in New York. *City of Birmingham*, 2019 WL 12496341, at *1 (giving little weight to analogous allegation). Nor

7

is it relevant that Inspire's stock trades on the New York Stock Exchange. If such a generic allegation were enough, "*every* plaintiff that sued a NYSE firm could" litigate their claim in the Southern District. *Erickson*, 2013 WL 5493162, at *7 (emphasis added). It does "not change the locus of the dispute." *City of Birmingham*, 2019 WL 12496341, at *2; *Dell*, 2015 WL 12659925, at *6 (similar). Thus, this factor favors transfer to Minnesota.

      ***Convenience of the Parties and Witnesses***. "[T]rials in securities class actions focus almost entirely on the defendants' conduct," particularly the defendants' state of mind. *ChannelAdvisor*, 2015 WL 4064625, at *2. The key witnesses in this case will therefore be the Individual Defendants and other Inspire "officers and employees . . . who participated in drafting and disseminating" the allegedly misleading statements. *Dell*, 2015 WL 12659925, at *4; *Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at *9 (S.D.N.Y. June 17, 2015) (similar). Here, except for one witness who works remotely from Florida, the key witnesses reside and work in the Minneapolis-St. Paul metropolitan area, where Inspire is headquartered. (Phillips Decl. ¶¶ 3–11.) Indeed, "*[a]ll* of Inspire's executive officers reside and work in the Minneapolis-St. Paul metropolitan area." (*Id.* ¶ 3 (emphasis added).) "None of the relevant employees work or reside in New York." (*Id.* ¶ 12.) And although the Individual Defendants and other Inspire witnesses *could* fly to New York for hearings and trial, that is not the question; "the inquiry is which of the two forums is *more* convenient." *ChannelAdvisor*, 2015 WL 4064625, at *2; *SBAV*, 2013 WL 3467030, at *8 (similar). Here, there can be no genuine dispute that the more convenient forum is the District of Minnesota. *See In re Sarepta Therapeutics Sec. Litig.*, 2025 WL 3110435, at *2 (S.D.N.Y. Nov. 6, 2025) (Engelmayer, J.) ("transfers of securities-fraud actions to where

the issuer is headquartered have often been approved based on witness convenience";
collecting cases).

Moreover, where, as here, Plaintiff is not located in either the current forum or the
transferee forum, their "convenience is not a factor in determining whether [one forum] or
[another] would be . . . more convenient." *Dell*, 2015 WL 12659925, at *5. This is all the
more true where, as here, Plaintiff purports to represent a nationwide class, "some (if not
most) of [which] will be inconvenienced" regardless of where this action is litigated. *In re
Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006); *Steck*,
2015 WL 3767445, at *8 (similar). The "convenience of [Plaintiff's] *counsel* is not an
appropriate factor to consider on a motion to transfer," either. *Garity v. Tetraphase
Pharms., Inc.*, 2019 WL 2314691, at *5 (S.D.N.Y. May 30, 2019) (emphasis added). That
Plaintiffs' counsel, Bernstein Litowitz Berger & Grossman LLP, maintains a New York
office—but not a Minneapolis office—is thus irrelevant.

The convenience factors accordingly favor transfer to Minnesota, too.

***Trial Efficiency & Interests of Justice***. For much the same reasons, this factor also
supports transfer. When "the material events" and "most of the witnesses and documents
. . . are located in the transferee forum, the interests of justice and judicial efficiency
support a transfer." *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, 2010 WL
2035130, at *5 (S.D.N.Y. May 21, 2010). Nor will a transfer cause any undue delay. This
action is still "in its infancy"; a lead plaintiff has not even been appointed yet. *Id.*
"[T]ransfer now rather [than] later would enable the transferee court to set a briefing and
case management schedule consistent with its needs." *Sarepta*, 2025 WL 3110435, at *2.

9

**B.       The other factors also favor transfer or, at most, are neutral.**

To the extent the Court chooses to consider the other, less important, factors identified above, it does not change the result. All either favor transfer or are neutral.

***Location of the Documents***. This factor favors transfer. "Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which are in the defendants' possession." *In re Vivint Solar, Inc. Sec. Litig.*, 2020 WL 7770992, at *3 (E.D.N.Y. Dec. 30, 2020). Because Inspire is headquartered in Minnesota, and the Individual Defendants and most other key witnesses work and reside in the Minneapolis-St. Paul metropolitan area, the "majority of the documents relevant to this case" will "likely" be in Minnesota. *Woldanski*, 2023 WL 1795191, at *4. (*See, e.g.*, Phillips Decl. ¶ 10 ("To the best of my knowledge and belief, all documents regarding Inspire's representations to the investing public potentially at issue in this action are ordinarily generated and issued at Inspire's Minnesota headquarters.").) At most, this factor is neutral when considering the electronic submission of documents; it should not "affect the transfer analysis." *Enigma*, 260 F. Supp. 3d at 412.

***Availability of Process***. Courts also consider the availability of process to compel the attendance of unwilling witnesses. Under the Federal Rules of Civil Procedure, a district court's power to compel third-party witnesses to attend a deposition or trial is limited to "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Here, however, this factor is neutral because Defendants are not aware of any potential third-party witnesses "likely to present

attendance challenges," and, thus, the availability of process "does not materially favor or disfavor transfer." *Enigma*, 260 F. Supp. 3d at 412.

***Relative Means of the Parties***. While courts can consider the financial disparity between the parties, "absent demonstration of an undue burden on the plaintiff class, this factor is neutral in a securities class action." *Erickson*, 2013 WL 5493162, at *7. Here, Plaintiff cannot credibly claim an undue burden given that it is a "highly sophisticated institutional investor that manages approximately $55 billion in assets" and frequently litigates securities class actions in courts across the country. (Dkt. 12 (Mot. to Appoint Lead Pl.) at 2–3.) *See, e.g.*, *Ind. Pub. Ret. Sys.*, 45 F.4th at 1236 (litigating securities action in Utah).

Moreover, because Plaintiff is not a New York resident, the relevant question is whether it would be "prohibitively expensive" for Plaintiff to litigate in Minnesota as compared to New York. *See Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 329 (E.D.N.Y. 2010) (granting transfer where, among other reasons, plaintiff was "unable to demonstrate a substantial hardship (financial or otherwise) caused by the transfer"). Again, any such contention is implausible, particularly given the relative proximity of Indiana to Minnesota.[4] *Cf. Zebra*, 2019 WL 3997354, at *5 (transferring securities action brought by Michigan plaintiff to Illinois, where defendant was headquartered, and observing that "one could argue" that "Illinois is a more convenient forum" for the plaintiff "since Plaintiff is a resident of Michigan"). Thus, this factor is at most neutral.

---

[4] Indianapolis is a 2.5 hour flight to New York City, versus an approximately 1.5 hour flight to Minneapolis.

*Forum's Familiarity with the Governing Law*. "[T]he putative forum's familiarity with the governing law is one of the least important factors in determining a motion to transfer." *Craig v. Am. Tuna, Inc.*, 2022 WL 989763, at *5 (S.D.N.Y. Apr. 1, 2022). Where, as here, a lawsuit arises under federal law, this factor is deemed neutral because all district courts are considered to be "equally familiar" with such laws. *In re Hanger*, 418 F. Supp. 2d at 170; *see also ChannelAdvisor*, 2015 WL 4064625, at *3 ("[E]very federal court is presumed equally capable of applying federal law.").

### C.    Plaintiff's choice of forum is entitled to little weight.

This leaves Plaintiff's decision to file its complaint in the Southern District of New York, instead of following the predecessor action filed in the District of Minnesota. As noted, courts hold that where the plaintiff resides out of state and purports to represent a nationwide class, any "deference" accorded the plaintiff's choice of forum is "greatly diminished." *ChannelAdvisor*, 2015 WL 4064625, at *2. Courts thus afford this factor little, if any, weight, in the securities class action context. *See, e.g.*, *Woldanski*, 2023 WL 1795191, at *4; *Zebra*, 2019 WL 3997354, at *4; *Garity*, 2019 WL 2314691, at *2.

Indeed, Plaintiff's choice of forum is entitled to particularly little weight here to the extent it was "based on tactical, rather than legitimate[,] reasons." *Erickson*, 2013 WL 5493162, at *3. Defendants do not know what, if any, communications occurred between Plaintiff (or its counsel) in this action and the plaintiff in the Minnesota Action. But it is curious that this action was filed shortly after the Minnesota Action and then, one day later, the Minnesota Action was dismissed, leaving this action as the sole action. As noted, a judge in the District of Minnesota recently dismissed another securities fraud claim brought

against Inspire and two of the Individual Defendants. *See City of Hollywood Firefighters'*
*Pension Fund*, 2025 WL 1158653, at *1. "Efforts to select one district to avoid or to obtain
specific rulings of another district court should be disfavored and discouraged." *Erickson*,
2013 WL 5493162, at *3. If such gamesmanship is occurring here, it further supports
transfer to the District of Minnesota, where the original action was filed.

*      *      *

In short, the Section 1404 factors "decidedly" favor transfer, *Ahrens*, 2016 WL
2932170, at *4, just as they do in many "garden-variety securities fraud class action[s]
involving a named Plaintiff that has no particular connection to this District and . . . [a]
corporate Defendant . . . headquartered" in another district "where the bulk of the alleged
wrongdoing occurred," *Dell*, 2015 WL 12659925, at *7. The Court should thus grant
Defendants' motion in accordance with its "routine" practice. *Ahrens*, 2016 WL 2932170,
at *4.

## CONCLUSION

For these reasons, the Court should grant this motion and transfer this action to the
United States District Court for the District of Minnesota.

13

Dated: January 22, 2026

_____

Sandra D. Grannum (#2107423)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Floor
New York, NY  10036
Telephone: (973) 549-7015
sandra.grannum@faegredrinker.com

Matthew Kilby (*pro hac vice forthcoming*)
Jeffrey P. Justman (*pro hac vice forthcoming*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
matthew.kilby@faegredrinker.com
jeff.justman@faegredrinker.com

*Attorneys for Defendants*

14