UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDIANA PUBLIC RETIREMENT SYSTEM,
*individually and on behalf of all others similar situated*,

Plaintiff,

-v-

INSPIRE MEDICAL SYSTEMS, INC. *et al.*,

Defendants.

25 Civ. 10620 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

In this putative securities class action, plaintiff Indiana Public Retirement System ("INPRS") moves for (1) appointment as lead plaintiff and (2) approval of its attorneys, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), as lead counsel. Both motions are unopposed. For the following reasons, the Court appoints INPRS as lead plaintiff and Bernstein Litowitz as lead counsel.

## I.      Background

On December 22, 2025, INPRS filed this action against Inspire Medical Systems, Inc. ("Inspire") and its chief executive officer Timothy P. Herbert, chief financial officer Richard J. Buchholz, and chief strategy and growth officer Carlton W. Weatherby. Dkt. 1 ("Compl.") ¶¶ 11–14. The putative class consists of all investors who acquired Inspire common stock between August 6, 2024 and August 4, 2025, inclusive (the "class period"). *Id.* ¶ 1.

Inspire is a medical device company that develops and markets an implantable neurostimulation system to treat obstructive sleep apnea. *Id.* ¶ 2. The most recent model of that device—the "Inspire V"—was scheduled to launch in 2025. *Id.*

On August 6, 2024, Herbert told investors, on an earnings call, that the Inspire V would be launched as soon as the company built up sufficient inventory. *Id.* ¶ 18.  He stated that other aspects of the launch, such as physician training and contracting, were "ready to go." *Id.*  On June 17, 2025, after a soft launch of the device, Herbert told investors at a conference that the company was "making good progress" with respect to the full launch, and that the remaining steps were "a pretty straightforward process." *Id.* ¶ 27.

On August 4, 2025, Inspire issued a press release, stating that the full launch of the Inspire V was "progressing slower than expected," which would have a negative impact on the company's yearly financial results. *Id.* ¶ 29.  The same day, Herbert told investors on an earnings call that the company faced "certain headwinds that slowed our efforts to transition customers to Inspire V." *Id.* ¶ 30.  These included delays related to training, contracting, information technology implementation, and Medicare billing. *Id.*  Herbert also stated that demand for the Inspire V was lower than anticipated. *Id.*

By August 5, 2025, the price of Inspire common stock decreased by almost a third—from $129.95 per share the previous day, to $87.91. *Id.* ¶ 31.

On December 22, 2025—the day the Complaint was filed—Bernstein Litowitz published notice of this lawsuit. Dkt. 13-4 ("Notice").  As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notice summarized the bases for the action and informed members of the putative class that they had until January 5, 2026,[1] to move for appointment as lead plaintiff.

---

[1] On November 6, 2025, an earlier lawsuit was brought by a different plaintiff against Inspire and certain senior executives. *See City of Pontiac Reestablished Gen. Emps.' Ret. Sys. v. Inspire Med. Sys., Inc.*, No. 25 Civ. 4247 (D. Minn. Nov. 6, 2025) ("*Pontiac*"), Dkt. 1.  It brought substantially the same factual and legal claims as brought here by INPRS. *See id.*  On November 6, 2025, plaintiff's counsel in *Pontiac* published a notice, informing investors of the

On January 5, 2026, INPRS filed these motions for appointment as lead plaintiff and approval of its chosen counsel, Bernstein Litowitz.  Dkts. 11–14.  No opposition was filed, and no other member of the putative class has sought appointment as lead plaintiff.

## II.    Appointment of Lead Plaintiff

The PSLRA governs motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under federal securities laws.  It directs the Court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc).  "[T]his presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing

60-day deadline—*i.e.*, January 5, 2026—to seek appointment of lead counsel.  *See* Dkt. 13-3. On December 23, 2025, the plaintiff in *Pontiac* filed a notice of voluntary dismissal.  *See Pontiac*, Dkt. 10.  No putative class member in *Pontiac* at any point moved for appointment as lead plaintiff.  Where multiple actions bring substantially the same claims, the PSLRA allows any putative class member to move for appointment as lead plaintiff within 60 days of the first-filed action.  *See In re Paysafe Ltd.*, No. 21 Civ. 10611, 2022 WL 1471122, at *4 (S.D.N.Y. May 10, 2022) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).  Only the plaintiff(s) in the first-filed action are required to provide notice; plaintiffs in the later-filed action(s) are not required to do so.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii).  The deadline to move for appointment as lead plaintiff in this case was therefore January 5, 2026.

the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

As noted, INPRS timely moved for appointment in response to a notice, satisfying the first prong. Dkts. 11–14. The Court thus turns to the remaining two prongs under the PSLRA.

### A.    Financial Interest

INPRS certifies that it purchased 30,319 shares of Inspire common stock during the class period. Dkts. 13-1 & 13-2. It calculates that it suffered losses of approximately $2 million, based on a last-in-first-out ("LIFO") methodology. *Id.*; *see also* Dkt. 12 at 5.

Because no prospective lead plaintiff with a larger financial stake has come forward, and the Court does not have access to non-parties' financial records, the Court assumes that INPRS's substantial financial interest makes it a suitable lead plaintiff. *See, e.g.*, *Bristol Cty. Ret. Sys. v. Telefonaktiebolaget LM Ericsson*, No. 18 Civ. 3021, 2018 WL 3546182, at *1 (S.D.N.Y. July 24, 2018); *Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 7 Civ. 3923, 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007).

### B.    Rule 23 Considerations

Rule 23's requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015).

At this early stage of litigation, however, "only the last two factors—typicality and adequacy—are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (quoting *Constance Sczesny Tr. v. KPMG*

4

*LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)).  A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  A lead plaintiff is adequate where it "does not have interests that are antagonistic to the class that [it] seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that [it] seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 126 (S.D.N.Y. 2000)).  To obtain appointment as lead plaintiff, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

INPRS's claims "are typical of the class because [its] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291).  As alleged, every member of the putative class "(1) purchased or acquired [Inspire] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market."  *Jolly Roger*, 2007 WL 2363610, at *4.  Accordingly, INPRS's claims, and those of putative class members, arise from the same course of conduct.

On the facts presently known, INPRS is also an adequate class representative.  It has certified that it is willing to fulfill the duties of lead plaintiff, Dkt. 13-1 (declaration by INPRS's general counsel) at 2, and retained counsel with significant experience in securities class actions

cases, Dkt. 13-5 ("Bernstein Litowitz Resume").  There is, as yet, no indication that INPRS has interests antagonistic to those of the class.  *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5.  Because INPRS to date has satisfied all PSLRA requirements, the Court finds it the most adequate plaintiff.  There is no credible basis to conclude that it "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render it incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court therefore appoint INPRS as lead plaintiff.

### III.    Appointment of Lead Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval.  *Id.* § 78u-4(a)(3)(B)(v).  "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'"  *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 3 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).  Here, as noted above, INPRS has selected Bernstein Litowitz.  Having reviewed that firm's submissions as to its pertinent background and experience, including in litigating securities class actions, *see* Bernstein Litowitz Resume, the Court finds it well qualified to serve as lead counsel.

The Court accordingly appoints Bernstein Litowitz as lead counsel.

### CONCLUSION

For the above reasons, the Court appoints (1) INPRS as lead plaintiff and (2) Bernstein Litowitz as lead counsel.  The above-captioned action shall proceed under the caption *In re Inspire Medical Systems, Inc. Securities Litigation*, 25 Civ. 10620 (PAE).

The Clerk of Court is respectfully directed to terminate the motion pending at docket 11.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: January 28, 2026
       New York, New York